John W. Mackay (6923)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
jmackay@rqn.com
*Attorneys for Defendants Capstone Nutrition Holdings, LLC
  and Cornerstone Research & Development, Inc*

Terrence J. Fleming (pro hac vice forthcoming)
Samuel M. Andre (pro hac vice forthcoming)
Fredrikson & Byron, P.A.
60 South Sixth Street, Suite 1500
Minneapolis, MN  55402
(612) 492-7000
tfleming@fredlaw.com
sandre@fredlaw.com
*Attorneys for Defendant Capstone Nutrition Holdings, LLC*

.

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHIMIZU CHEMICAL CORPORATION OF JAPAN, a corporation, <br><br> Plaintiff, <br> v. <br><br> CAPSTONE NUTRITION HOLDINGS, LLC, a limited liability company, and CORNERSTONE RESEARCH & DEVELOPMENT, INC., a corporation, <br><br> Defendants. | **NOTICE OF REMOVAL** <br><br><br> Case No. <br><br> Judge |

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Capstone Nutrition Holdings, LLC and Cornerstone Research & Development, Inc. ("Defendants"), by and through counsel,

gives notice of removal of this action from the Second Judicial District Court, Salt Lake County, State of Utah to the United States District Court for the District of Utah, Central Division. Defendants submit that original subject matter jurisdiction exists in the United States District Court for the District of Utah based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), and avers the following in support of this Notice of Removal:

1. On August 25, 2023, Shimizu Chemical Corporation of Japan ("Plaintiff") commenced an action, Civil Number 230905058, against Defendants in the Second Judicial District Court of Davis County, Utah by filing a complaint (the "State Court Action"). (Ex. A. hereto.)

2. Plaintiff alleges that Defendants' conduct (including conduct alleged to have occurred in part in the State of Utah) injured Plaintiff.

3. Plaintiff served Defendants with a copy of the Complaint on September 1, 2023. A copy of all pleadings and process are filed herewith as Exhibit A.

4. Under 28 U.S.C. § 1446(b), the Notice of Removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. Because Defendant was served on September 1, 2023, this Notice of Removal is timely filed within the 30-day period provided under 28 U.S.C. § 1446(b).

5. This matter is removable because there is diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different states; . . . ." *Id.*

6. The citizenship of the parties is as follows:

a. **Plaintiff.** Plaintiff Shimizu is a Japanese corporation with its principle place of business in Japan. "For diversity, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located." *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015).

b. **Defendants.**

   i. Defendant Cornerstone Research & Development, Inc. is a Delaware corporation with its principal place of business in Los Angeles, CA.[1]

   ii. Defendant Capstone Nutrition Holdings LLC was a Delaware limited liability company but is no longer an existing entity and has been properly and formally dissolved and terminated. Plaintiff has no authority to sue Capstone Nutrition Holdings LLC, a properly dissolved entity. Regardless, for purposes of diversity jurisdiction, the citizenship of Defendant Capstone Nutrition Holdings LLC should not be considered for diversity purposes as a completely dissolved and therefore nominal defendant. *See Gimaex Holding, Inc. v. Spartan Motors USA, Inc.*, 2016 WL 4056205 (Del. Dist., July 28, 2016) (a dissolved entity retains citizenship for diversity purposes where it still retained the ability to prosecute and defend suits only if the lawsuit is commenced *prior* to the filing of the certificate of cancellation.)

---

[1] Although the complaint incorrectly lists a Utah business address for this plaintiff, since September 2019, the corporation's sole officer and director and the corporation's only business office and location for its operations (*i.e.*, the post-sale operations of winding up the corporation) have been located only in Los Angeles, CA.

7. This Court has original subject matter jurisdiction over this action on the following grounds:

    a. While Defendants dispute the existence and extent of Plaintiff's damages, if any, Plaintiff designated this case as "Tier Three," meaning Plaintiff values the case in excess of $300,000.00. Thus, the amount in controversy exceeds $75,000.00 and pursuant to 28 U.S.C. § 1332(a), the amount necessary for removal is satisfied; and

    b. Plaintiff is a citizen of the country of Japan. As set forth above in Paragraph 6, diversity of citizenship therefore exists between the parties pursuant to 28 U.S.C. §§ 1332(a)(1) and (c)(1).

    c. For purposes of diversity jurisdiction on removal, no defendant is a citizen of the State of Utah.

8. This action may therefore be removed to this Court, the "district and division embracing the place where such action is pending," 28 U.S.C. § 1441(a), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

9. A copy of this Notice of Removal is being served upon Plaintiff, through counsel of record, and upon the Clerk of the Second Judicial District Court of Davis County, Utah, as provided by 28 U.S.C. § 1446(d). A true and correct copy of the corresponding Notice of Removal to be filed in the State Court Action is filed herewith (without exhibits) as Exhibit B.

10. A true and correct copy of the State Court Action civil docket is also filed herewith as Exhibit C.

11. Pursuant to Rule 81(c)(2)(C), Federal Rules of Civil Procedure, Defendants are required to respond to the complaint within 7 days, which response may include any and all objections, defenses, responses or answers available to a litigant under the rules.

WHEREFORE, Defendants request that the State Court Action be removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

DATED this 2nd day of October 2023.

        RAY QUINNEY & NEBEKER P.C.

        /s/ John W. Mackay
        John W. Mackay

        *Attorneys for Defendants Capstone Nutrition Holdings, LLC and Cornerstone Research & Development, Inc.*

1650682