IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SHIMZU CHEMICAL CORPORATION OF JAPAN,<br><br>　　　Plaintiff,<br><br>v.<br><br>CAPSTONE NUTRITIONAL HOLDINGS, LLC, and CORNERSTONE RESEARCH & DEVELOPMENT, INC.,<br><br>　　　Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS<br><br>Case No. 1:23-cv-00109-JNP-DBP<br><br>District Judge Jill N. Parrish |

Before the court is defendant Capstone Nutritional Holdings, LLC's motion to dismiss the claims against it pursuant to Rules 12(b)(5), and (6) of the Federal Rules of Civil Procedure. ECF No. 6. The motion is DENIED.[1]

## BACKGROUND

In December 2015, Shimzu sued Cornerstone Research & Development, Inc. in Utah state court. Shimzu alleged that Cornerstone breached purchase agreements for large amounts of a substance called glucomannon. That action is still pending. On August 30, 2019, Cornerstone transferred substantially all of its assets to Capstone, which had been formed on August 13, 2019 as a Delaware LLC. But Cornerstone retained liability for the Shimzu litigation. On June 1, 2021, the managing member dissolved Capstone and filed a certificate of cancellation with the State of Delaware.

---

[1] The court had originally scheduled a hearing for this motion. Upon reviewing the briefs, the court determined that oral argument is not necessary.

In August 2023, Shimzu initiated this action by suing Cornerstone and Capstone in state court. Asserting claims for fraudulent transfer under Utah law, Shimzu alleged that Cornerstone did not retain sufficient funds to pay for an anticipated judgment in the purchase agreement action and had transferred assets to Capstone to avoid paying its potential liability. Shimzu served a summons and the complaint on Capstone by delivering these documents to its agent of record.

Cornerstone and Capstone removed the fraudulent transfer action to this court. Capstone then filed a motion to dismiss the claims against it under two theories. Citing Rule 12(b)(5), it first argues that Shimzu did not effectuate proper service of process. Second, Capstone argues that the claims against it should be dismissed under Rule 12(b)(6) because Shimzu failed to state a claim upon which relief may be granted. Capstone asserts that because its managing member cancelled it before Shimzu filed this action, it is immune from suit.

## ANALYSIS

I.   **RULE 12(b)(5)**

Under Rule 12(b)(5), a defendant may move to dismiss for insufficient service of process. Because this action was initially filed in Utah state court, this court looks to Utah law to determine whether Shimzu properly served Capstone. *See Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010) ("[F]ederal courts in removed cases look to the law of the forum state . . . to determine whether service of process was perfected prior to removal."). Utah law permits service on an LLC by "delivering a copy of the summons and complaint to an officer, a managing or general agent, or other agent authorized by appointment or law to receive process." UTAH R. CIV. P. 4(d)(1)(E). Shimzu complied with this requirement by serving the registered agent on record for Capstone.

Capstone argues, however, that service was not adequate because Delaware law requires more for service on a canceled LLC. Citing Delaware cases where the court fashioned special rules for perfecting service on a dissolved corporation or cancelled LLC, Capstone asserts that Shimzu must publish notice in a widely circulated Delaware newspaper and mail copies of summons to a company's former officers. *See Tratado de Libre Commercio, LLC v. Splitcast Tech., LLC*, No. CV 2019-0014-JRS, 2019 WL 1057976, at *2 (Del. Ch. Mar. 6, 2019); *In re Krafft-Murphy Co., Inc.*, No. CIV. A. 6049-VCP, 2011 WL 5420808, at *4 (Del. Ch. Nov. 9, 2011). But these cases, which apply Delaware law to litigation initiated in Delaware courts, are irrelevant. Utah law controls the service of process for litigation brought in Utah courts, not Delaware law.[2]

Next, Capstone suggests that that Utah Code § 16-10a-1409 requires additional steps to perfect service of process. This statute provides:

> (1) A dissolved corporation shall either:
>
> (a) maintain a registered agent in this state to accept service of process on its behalf; or
>
> (b) be deemed to have authorized service of process on it by registered or certified mail, return receipt requested, to the address of its principal office, if any, as set forth in its articles of dissolution or as last changed by notice delivered to the division for filing or to the address for service of process that is stated in its articles of dissolution or as last changed by notice delivered to the division for filing.
>
> . . .

---

[2] Pursuant to a Utah statute, "[t]he law of the jurisdiction of formation of a foreign limited liability company governs . . . the internal affairs of the foreign limited liability company." UTAH CODE § 48-3a-901(1). But a plaintiff's service of process to initiate a lawsuit against an LLC is not an internal affair.

> (3) Subsection (1) does not prescribe the only means, or necessarily the required means, of service on a dissolved corporation.

Capstone argues that service was improper because Shimzu did not comply with the requirements of subsection (1)(b). The court disagrees for multiple reasons. First, § 16-10a-1409(3) explicitly provides that subsection (1) "does not prescribe the only means, or necessarily the required means, of service." Thus, § 16-10a-1409 explicitly does not add to or supplant the requirements of Rule 4 of the Utah Rules of Civil Procedure. Second, subsection (1)(a) presumes that service on the registered agent of a dissolved corporation is an acceptable method of service, which is precisely what happened here. Third, Capstone did not respond to Shimzu's argument that § 16-10a-1409 only applies to dissolved Utah corporations, not Delaware LLCs. Absent any explanation from Capstone as to how this statute can be extended beyond its plain language, the court concludes that § 16-10a-1409 does not control here.

In short, Capstone has not cited any Utah law suggesting that service on Capstone's agent of record was somehow deficient. The court denies Capstone's motion to dismiss for insufficient service of process under Rule 12(b)(5).[3]

## II.     RULE 12(b)(6)

Capstone also argues that the claims against it should be dismissed under Rule 12(b)(6). It contends that Shimzu has failed to state a claim for relief because a cancelled LLC is immune from suit under Delaware law.

---

[3] Capstone argues that because Shimzu failed to effectuate sufficient service of process, the claims against it should also be dismissed under Rule 12(b)(2) for lack of personal jurisdiction. But Capstone's personal jurisdiction argument is redundant. Where service of process is sufficient, as is the case here, a Rule 12(b)(2) argument is without merit. Where service of process is insufficient, a Rule 12(b)(2) argument is superfluous.

Capstone cites Utah Code § 48-3a-901(1) for the proposition that that Delaware law controls whether a cancelled LLC may be subject to liability in an action otherwise governed by Utah law. This statute, in relevant part, provides that "[t]he law of the jurisdiction of formation of a foreign limited liability company governs . . . the internal affairs of the foreign limited liability company." But a cancelled LLC's liability to a third party for a fraudulent transfer is, by definition, not an internal affair of the LLC. Capstone does not cite any Utah authority suggesting that Utah courts defer to the law of the state where an LLC was formed to govern issues of liability for fraud. Nor does it cite any Utah law for the proposition that a cancelled LLC is immune from suit. Accordingly, the court rejects Capstone's arguments for dismissal under Rule 12(b)(6).

## CONCLUSION

For the above-stated reasons, the court denies Capstone's motion to dismiss.

DATED August 12, 2024.

        BY THE COURT

        _____
        Jill N. Parrish
        United States District Court Judge