IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SHIMIZU CHEMICAL CORPORATION OF JAPAN,<br><br>Plaintiff,<br><br>v.<br><br>CAPSTONE NUTRITIONAL HOLDINGS, LLC, and CORNERSTONE RESEARCH & DEVELOPMENT, INC.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER TO ALLEGE CITIZENSHIP OF CAPSTONE NUTRITIONAL HOLDINGS, LLC<br><br>Case No. 1:23-cv-00109-JNP-DBP<br><br>District Judge Jill N. Parrish |

The court "must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings." *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998). As the parties that removed this action to federal court, defendants Capstone Nutritional Holdings, LLC and Cornerstone Research & Development, Inc. bear the burden of showing that this court has diversity jurisdiction to hear this case. The defendants did not allege the citizenship of Capstone, arguing that its citizenship is irrelevant because its managing member cancelled the limited liability company before plaintiff Shimizu Chemical Corporation of Japan initiated this lawsuit. The court disagrees.

Courts have considered the citizenship of a cancelled LLC when evaluating diversity jurisdiction if the controlling law permits the entity to participate in litigation. *Lazar v. Gobron*, 678 F. Supp. 3d 756, 762–763 (W.D. Va. 2023) (considering the citizenship of a cancelled LLC where Virginia law permits such entities to sue and be sued and in order to prevent gamesmanship); *Go Fast Sports & Beverage Co. v. Buckner*, No. CIV.A.08-CV-01527MSK, 2008 WL 2852626, at

*2 (D. Colo. July 23, 2008) ("Administrative dissolution of a perpetual LLC does not destroy its citizenship for diversity purposes if the LLC continues to exist under state law after administrative dissolution."); *see also Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 358–59 (3d Cir. 2013) ("[W]hen . . . a state statute renders a dissolved corporation 'sufficiently alive to sue,' the corporation also retains its citizenship for purposes of diversity jurisdiction." (citation omitted)). The defendants argue that under Delaware law (the state where Capstone was organized), Capstone is immune from suit because it is a cancelled LLC.[1] But Delaware law does not control this question. Shimizu sued the defendants in Utah state court under Utah fraudulent transfer statutes for a transaction initiated by Cornerstone, a corporation headquartered in Utah at that time. Under these facts, Utah law determines whether a cancelled LLC is immune from suit for the alleged fraudulent transfer. The defendants have not cited any Utah authority stating that such an entity may not be sued. Accordingly, the citizenship of Capstone is relevant to the question of diversity jurisdiction in this case.

The court orders the defendants to file a document with the court listing each member of Capstone on the date that it was canceled and alleging sufficient facts to discern the full citizenship of each member. The defendants must respond to this order by October 25, 2024. A failure to file a timely response may result in a remand to state court for a failure to show that the court has subject matter jurisdiction.

---

[1] The case cited by the defendants, *Gimaex Holding, Inc. v. Spartan Motors USA, Inc.*, No. CV 15-515-RGA-MPT, 2016 WL 4056205, does not directly support this proposition. That court ruled that the dissolution of a corporation does not affect the citizenship of the entity in Delaware courts because such an entity may prosecute and defend lawsuits. *Id.* at *2–*3. The *Gimaex* court did not address whether a cancelled LLC retains its citizenship under Delaware law.

DATED October 7, 2024.

                              BY THE COURT

                              _____
                              Jill N. Parrish
                              United States District Court Judge