IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SHIMIZU CHEMICAL CORPORATION OF JAPAN,<br><br>Plaintiff,<br><br>v.<br><br>CAPSTONE NUTRITIONAL HOLDINGS, LLC, and CORNERSTONE RESEARCH & DEVELOPMENT, INC.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER TO REMAND ACTION TO STATE COURT<br><br>Case No. 1:23-cv-00109-JNP-DBP<br><br>District Judge Jill N. Parrish |

Shimizu Chemical Corporation of Japan sued Cornerstone Research & Development, Inc. and Capstone Nutritional Holdings, LLC in Utah state court. Shimizu asserted fraudulent transfer claims under Utah law, alleging that Cornerstone transferred substantially all of its assets to Capstone in order to avoid paying an anticipated judgment against Cornerstone. Cornerstone and Capstone removed the fraudulent transfer action to this court, asserting diversity jurisdiction. But the notice of removal did not disclose the members of Capstone. The defendants argued that Capstone's citizenship was irrelevant because its managing member had cancelled the limited liability company before Shimizu initiated this lawsuit.

The court disagreed and ordered the defendants to disclose the members of Capstone at the time of its cancellation so that the court could discern whether it had subject matter jurisdiction over this action. In its response to the order, Capstone declined to disclose its members and conceded that it was "unable to provide evidence of complete diversity as of the time prior to its dissolution." Capstone, however, reiterated its argument that the court must disregard its

citizenship when evaluating diversity jurisdiction. Without citation to authority, Capstone asserted that because it is a Delaware LLC, the questions of if and how Capstone can be sued in a Utah court are controlled by Delaware law. Based on this premise, Capstone argues that Delaware caselaw precludes a lawsuit against a cancelled LLC. *See Matthew v. Laudamiel*, No. CIV.A. 5957-VCN, 2012 WL 605589, at *21 (Del. Ch. Feb. 21, 2012) (unpublished). Capstone contends, therefore, that the court should not consider its citizenship when evaluating diversity jurisdiction.

The court rejects Capstone's contention that Delaware law controls whether it may be sued in a Utah court. Utah Code section 48-3a-901 governs the law applied to foreign LLCs. It provides that "[t]he law of the jurisdiction of formation of a foreign limited liability company governs . . . the internal affairs of the foreign limited liability company." UTAH CODE § 48-3a-901(1). But a cancelled LLC's liability to a third party for an alleged fraudulent transfer is not an internal affair. Just as Delaware could not eliminate all liability in the courts of other states for LLCs formed under Delaware law, it may not confer immunity to a cancelled LLC or its former members or set the conditions for bringing a lawsuit in another state. Although Delaware law controls the procedure for cancelling a Delaware LLC, the effect that cancellation has on claims against the cancelled LLC is controlled by the law of the forum state. Thus, Utah law governs whether a cancelled LLC or its former members may be a party to a lawsuit. Capstone, however, has not pointed to any Utah authority for the proposition that a cancelled LLC cannot participate in a lawsuit brought against it.

This court may not presume the existence of subject-matter jurisdiction "absent an adequate showing by the party invoking federal jurisdiction." *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) (citation omitted). Because Capstone has not shown that Utah law precludes its participation in this action, it has failed to meet its burden of demonstrating that its citizenship

must be disregarded for the purposes of diversity jurisdiction. See *Lazar v. Gobron*, 678 F. Supp. 3d 756, 762–763 (W.D. Va. 2023) (considering the citizenship of a cancelled LLC where Virginia law permits such entities to sue and be sued and in order to prevent gamesmanship); *Go Fast Sports & Beverage Co. v. Buckner*, No. CIV.A.08-CV-01527MSK, 2008 WL 2852626, at *2 (D. Colo. July 23, 2008) ("Administrative dissolution of a perpetual LLC does not destroy its citizenship for diversity purposes if the LLC continues to exist under state law after administrative dissolution."). Due to Capstone's concession that it cannot show that this court has subject matter jurisdiction, the court ODERS that this action be remanded to the Second Judicial District Court of Weber County, Utah. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

DATED December 5, 2024.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge